**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **DAVION STOCKDALE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Civil Action No. 2:11-cv-02755-KOB** |
| | ) |
| **T-MOBILE,** | ) |
| | ) |
| **Defendant.** | ) |

**MEMORANDUM OPINION**

This matter comes before the court on Defendant T-Mobile's Motion for Summary Judgment (doc. 28) and T-Mobile's "Motion to Strike Inadmissible Affidavit Testimony of Davion Stockdale." (Doc. 34). Stockdale argues that T-Mobile discriminated against him because of his race and retaliated against him for filing EEOC charges and lawsuits against T-Mobile. T-Mobile argues that no genuine issues of material fact exist and that it is entitled to judgment as a matter of law on all three of Stockdale's counts against it. For the following reasons, the court will DENY T-Mobile's motion to strike and will GRANT IN ITS ENTIRETY T-Mobile's motion for summary judgment. Additionally, because no issues remain for the court to resolve, the court will ENTER JUDGMENT in favor of T-Mobile.

I.    MOTION TO STRIKE

The court must first address T-Mobile's motion to strike Stockdale's Affidavit because its admission bears on the court's statement of facts for purposes of ruling on the motion for summary judgment. Stockdale's attorney submitted only Stockdale's affidavit as his response to

T-Mobile's motion for summary judgment, but did not file a brief contesting T-Mobile's statements of fact or legal arguments. T-Mobile argues that the court should strike Stockdale's affidavit in its entirety because it was not made on Stockdale's personal knowledge as required by Rule 56(c)(4); Stockdale did not respond to T-Mobile's motion to strike. *See* Fed. R. Civ. Pro. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, . . . .").

The court generally does not grant motions to strike affidavits at the summary judgment level where some of the information in the affidavit is objectionable, recognizing that the court is capable of disregarding what should be disregarded. This proposition is especially true in a case such as this one where Mr. Stockdale's affidavit is the only response to the motion for summary judgment. The court notes that not every sentence in Mr. Stockdale's affidavit would necessarily be admissible in evidence, and the court will disregard the information that is not proper for consideration regarding these motions for summary judgment. Thus, the court will DENY the Defendant's motion to strike in its entirety.

## II.   STATEMENT OF FACTS

The initial order issued in this case specifically states that "Any motion(s) for summary judgment filed in this action ***must comply*** with ***all*** requirements of **Appendix II** to this order." (Doc. 8, at 9) (emphasis in original). Appendix II clearly states

> The non-moving party's response to the moving party's claimed undisputed facts shall be in separately numbered paragraphs that coincide with those of the moving party's claimed undisputed facts. Any statements of fact that are disputed by the non-moving party must be followed by a specific reference to those portions of the evidentiary record upon which the dispute is based. *All material facts set forth in the*

> *statement required of the moving party will be deemed admitted for summary judgment purposes unless controverted by the response of the party opposing summary judgment.*

(Doc. 8, at 16-17) (emphasis in original). Stockdale's response consists solely of his affidavit, portions of which were struck above. This response does not comply with the court's requirements and thus, the court will deem admitted T-Mobile's statement of undisputed facts in its brief supporting its motion for summary judgment and will reproduce the relevant facts below.

A.      Factual Background

T-Mobile hired Stockdale, an African-American, as a Temporary Seasonal Retail Sales Representative ("RSR") on December 10, 2004 at T-Mobile's Highway 280 location. (Def. Ex. 1- Stockdale Dep. 14).  T-Mobile extended the offer of regular part-time employment as a non-temporary, non-seasonal RSR to Stockdale in March 2005.  (Def. Ex. 1- Stockdale Dep. 14).  T-Mobile subsequently transferred Stockdale to the T-Mobile "relocation" store, which was a separate store from the Highway 280 store.  (Def. Ex. 1- Stockdale Dep. 15).  When the relocation store closed down, T-Mobile transferred Stockdale to the Trussville store.  *Id*. at 15-16.  In the beginning of 2010, T-Mobile promoted Stockdale to the position of a full-time RSR and transferred him back to T-Mobile's Highway 280 location.  (Def. Ex. 1- Stockdale Dep. 16).

 T-Mobile considers employees who work 30 or more hours each week full-time.  (Def. Ex. 1- Stockdale Dep. 61-62).  At no point during Stockdale's tenure at the Highway 280 store did his hours fall below 30 hours per week.  *Id.* at 62-63.  When T-Mobile transferred Stockdale back to the Highway 280 location in 2010, Terry Dawson, an African-American, was Stockdale's Store Manager.  (Def. Ex. 1- Stockdale Dep. 18).  Stockdale's Regional Manager at that time was Ed Harris, an African-American.  *Id*. at 20.  After Dawson left, Cedric Small, an African-

3

American, became the Interim Store Manager of the Highway 280 location.  (Def. Ex. 1-
Stockdale Dep. 19).

     In May 2010, Richard Sweatt, a Caucasian, became the Regional Manager over the
Highway 280 location.  (Def. Ex. 1- Stockdale Dep. 21; Def. Ex. 2- Wilson Aff. 43).  On June 6,
2010, Ryan Wilson, a Caucasian, took over as the Store Manager of the Highway 280 location.
(Def. Ex. 2- Wilson Aff. 2).

     Stockdale was aware that T-Mobile had an attendance policy and had read it previously.
(Def. Ex. 1- Stockdale Dep. 103-04).  T-Mobile's attendance policy states that "excessive
absenteeism or lateness [. . .] may result in forfeiture of good standing, and/or may result in
additional performance improvement action up to and including dismissal."  *Id*. at 104.
Stockdale understood that attendance and punctuality were necessary for the efficient operation
of a business like T-Mobile.  *Id.* at 105.  T-Mobile has a rule that employees have to be at work
on time.  *Id.* at 138.

     On June 28, 2010, Wilson met with Stockdale to have a clarifying discussion regarding
some recent incidents of tardiness and to address the attendance expectations of the store.  (Def.
Ex. 1- Stockdale Dep. 110; Def. Ex. 2- Wilson Aff. 7).  During this discussion, Stockdale agreed
that he would make the necessary changes to arrive at work on time in the future.  (Def. Ex. 1-
Stockdale Dep. 110).  Despite this first warning, Stockdale continued to be tardy to work.  (Def.
Ex. 2- Wilson Aff. 8).  On August 7, 2010, Wilson disciplined Stockdale by holding a Review of
Expectations disciplinary discussion with him about his attendance.  (Def. Ex. 1- Stockdale Dep.
110-111; Def. Ex. 2- Wilson Aff. 9).  In the written documentation of the Review of
Expectations discussion, Wilson outlined that, on Saturday, August 7, 2010, Stockdale was over

two hours late for his scheduled shift.  (Def. Ex. 1- DX8 to Stockdale's Dep.).  Furthermore, the Review of Expectations document detailed that Stockdale had been late in excess of ten minutes for nine of his last fifteen shifts.  *Id.*  During Wilson's August 7th Review of Expectations discussion, Stockdale agreed that he would be on time going forward.  (Def. Ex. 1- Stockdale Dep. 113-114).  Wilson sent Stockdale a written recap of their Review of Expectations discussions via e-mail that afternoon.  *Id.* at 110-111.

On August 22, 2010, Stockdale was once again more than two hours late for his scheduled shift.  (Def. Ex. 2- Wilson Aff. 10).  Wilson met with Stockdale, on August 24, 2010, to discuss this recent incident of tardiness.  *Id.*  Wilson issued Stockdale a Formal Reminder disciplinary notice. ( *Id.*; Def. Ex. 1- Stockdale Dep. 114-15.)  This document informed Stockdale that he needed to improve his attendance and that his failure to do so could lead to further disciplinary action, including termination.  (Def. Ex. 1- DX 9 to Stockdale's Dep.). Following the Formal Reminder, Stockdale was tardy for twenty shifts in approximately a two-month time period.  (Def. Ex. 2- Wilson Aff. 18).  Based on this continued pattern of tardiness, Wilson met with Stockdale on November 18, 2010, and presented him with a "Decision Time" discipline document.  (Def. Ex. 1- Stockdale Dep. 123).  The Decision Time document gave Stockdale the option to recommit to T-Mobile's standards of attendance or voluntarily resign his employment.  *Id.* at 123-24.  Stockdale informed Wilson that he would like to continue his employment and would try his best not to be tardy any more.  *Id.* at 124.  Wilson advised Stockdale that his failure to make the required changes in attendance could lead to further disciplinary action, including termination.  (Def. Ex. 2- Wilson Aff. 20).

Wilson held a store-wide meeting on December 21, 2010, to remind all of the store employees of T-Mobile's expectations regarding attendance. (Def. Ex. 1- Stockdale Dep. 130; Def. Ex. 2- Wilson Aff. 22). During that meeting, Wilson redistributed T-Mobile's attendance policy. (Def. Ex. 1- Stockdale Dep. 131; Def. Ex. 2- Wilson Aff. 22). Wilson also went over T-Mobile's expectations regarding attendance and punctuality. (Def. Ex. 1- Stockdale Dep. 132). Wilson informed Stockdale and all other store employees that company policy required them to be on time. *Id.* at 133.

Stockdale was fifteen minutes late for work on December 30, 2010. (Def. Ex. 2- Wilson Aff. 23). Stockdale also was more than an hour-and-a-half late for his scheduled shift on January 1, 2011. (Def. Ex. 1- Stockdale Dep. 133-134). Stockdale's reason for being an hour-and-a-half late on January 1, 2011 was that he overslept after having a late night the evening before. *Id.* at 134. Based on his repeated tardiness in spite of several warnings, Wilson recommended that Stockdale be terminated. (Def. Ex. 2- Wilson Aff. 25). Wilson made this recommendation to Clarice Colon, T-Mobile's Senior Human Resources Manager, who approved the recommendation. *Id.* On January 3, 2011, T-Mobile terminated Stockdale for his failure to adhere to T-Mobile's attendance policy, in spite of numerous previous warnings. (Def. Ex. 2- Wilson Aff. 26; Def. Ex. 1- Stockdale Dep. 145-46).

Stockdale never told Ryan Wilson about his prior lawsuits or EEOC charges. (Def. Ex. 1- Stockdale Dep. 54-55). Stockdale and Wilson never had any conversations about Stockdale's prior lawsuits or EEOC charges. *Id.* at 55. Stockdale never overheard Wilson discussing his prior lawsuits or EEOC charges with anyone else. *Id.* Stockdale cannot say whether Wilson knew about his previous lawsuits or EEOC charges. *Id.*

6

Stockdale never told Richard Sweatt about his prior lawsuits or EEOC charges.  (Def. Ex. 1- Stockdale Dep. 57).  Stockdale and Sweatt never had any conversations about Stockdale's prior lawsuits or EEOC charges.  *Id.* at 58.  Stockdale never overheard Sweatt discussing his prior lawsuits or EEOC charges.  *Id.*  Stockdale has no information to demonstrate that Sweatt ever knew about his prior lawsuits or EEOC charges.  *Id.*

Stockdale never told Clarice Colon about his prior lawsuits or EEOC charges.  (Def. Ex. 1- Stockdale Dep. 91).  Stockdale and Colon never had any conversations about Stockdale's prior lawsuits or EEOC charges.  *Id.*  Stockdale never overheard Colon discussing his prior lawsuits or EEOC charges.  *Id.*  Stockdale has no information to demonstrate that Colon ever knew about his prior lawsuits or EEOC charges.  *Id.* at 92.

Ryan Wilson terminated other Highway 280 employees who did not engage in protected conduct for repeated attendance violations.  (Def. Ex. 2- Wilson Aff. 36).  Specifically, Wilson terminated Christopher Hood, a Caucasian, and Erin Stuckey, a Caucasian, for attendance issues. *Id.*  Wilson disciplined Hood for his tardiness and attendance violations and eventually terminated Hood for repeatedly failing to adhere to T-Mobile's attendance expectations.  (Def. Ex.  2- Wilson Aff. 37).  Wilson has also disciplined Logan Schencker for attendance violations. *Id.*  Schencker was given a clarifying discussion by Wilson on June 28, 2010 for leaving the store early and before the scheduled close time.  *Id.*  Schencker's attendance improved after this clarifying discussion.  *Id*. at 37. Wilson is unaware of Hood, Schencker, Stuckey, or Audrae Ruffin (another Highway 280 employee) filing any lawsuits or EEOC charges against T-Mobile. (Def. Ex. 2- Wilson Aff. 34, 36).

B.      Procedural Background

Stockdale has filed a total of six EEOC charges against T-Mobile. The first charge

alleged race discrimination on May 10, 2007 and the second charge alleged retaliation on August

22, 2007. Stockdale filed a federal lawsuit based on these two charges, and the Honorable

Magistrate Judge  Michael Putnam granted T-Mobile summary judgment on the federal race

discrimination, harassment, and retaliation claims on August 10, 2009. *Stockdale v. T-Mobile*,

Case No. 2:07-cv-2290-TMP (N.D. Ala. Aug. 10, 2009).

Stockdale filed his third EEOC charge alleging race discrimination and retaliation on

December 18, 2009, and he filed his fourth charge alleging race and color discrimination and

retaliation on October 6, 2010. The EEOC dismissed both of these charges with no-cause

findings.

After his termination, Stockdale filed his fifth EEOC charge alleging retaliation and race,

color, and religious discrimination on February 28, 2011. The EEOC dismissed this charge with a

no-cause finding on June 21, 2011. He filed his sixth charge, which the EEOC found to be

identical to his fifth charge, and thus dismissed it with a no-cause finding as well.

Stockdale filed this suit on August 2, 2011 alleging three counts: Count I for race

discrimination under 42 U.S.C. § 1981; Count II for race discrimination under Title VII; and

Count III for retaliation under Title VII and § 1981. (Doc. 1). On February 6, 2012, T-Mobile

filed a motion to dismiss the case for insufficient service of process under Rule 12(b)(5). (Doc.

6). On May 22, 2012, the court found service was timely and denied T-Mobile's motion to

dismiss. (Doc. 12). After Stockdale's counsel did not appear at this court's January 24, 2013

status conference, T-Mobile filed a motion to dismiss for lack of prosecution. (Doc. 21). The

court issued an order to Stockdale to show cause why the case should not be dismissed for failure to prosecute and ordered Stockdale to sit for a deposition. (Docs. 22, 24). Mr. Stockdale responded to the order to show cause (doc. 23) and sat for a deposition, rendering the motion to dismiss for lack of prosecution moot. T-Mobile also filed a motion to compel Stockdale to answer interrogatories, which this court granted on February 6, 2013. (Docs. 25-26).

On February 22, 2013, T-Mobile filed the motion for summary judgment that is the subject of this opinion. (Doc. 28). Stockdale responded on March 18, 2013, by filing the affidavit discussed at length above (doc. 32), and on April 1, 2013, T-Mobile contemporaneously filed its reply and motion to strike Stockdale's affidavit. (Docs. 33 & 34). The court now considers T-Mobile's motion for summary judgment.

III.   STANDARD OF REVIEW

Summary judgment allows a trial court to decide cases when no genuine issues of material fact are present and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56.  When a district court reviews a motion for summary judgment, it must determine two things: (1) whether any genuine issues of material fact exist; and if not, (2) whether the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56©.

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56).  The moving party can meet this burden by offering evidence showing no dispute of material fact or by showing that the non-moving party's evidence

fails to prove an essential element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322–23.  Rule 56, however, does not require "that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." *Id.*

Once the moving party meets its burden of showing the district court that no genuine issues of material fact exist, the burden then shifts to the non-moving party "to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Disagreement between the parties is not significant unless the disagreement presents a "genuine issue of material fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).   In responding to a motion for summary judgment, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material fact."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  The non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a *genuine issue for trial*.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)) (emphasis added); *see also* Advisory Committee Note to 1963 Amendment of Fed. R. Civ. P. 56(e) ("The very mission of summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.").  The moving party need not present evidence in a form admissible at trial; "however, he may not merely rest on [the] pleadings." *Celotex*, 477 U.S. at 324.  If the evidence is "merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (citations omitted).

In reviewing the evidence submitted, the court must "view the evidence presented through the prism of the substantive evidentiary burden," to determine whether the nonmoving party presented sufficient evidence on which a jury could reasonably find for the nonmoving party. *Anderson*, 477 U.S. at 254; *Cottle v. Storer Commc'n, Inc.*, 849 F.2d 570, 575 (11th Cir. 1988). The court must refrain from weighing the evidence and making credibility determinations, because these decisions fall to the province of the jury. *See Anderson*, 477 U.S. at 255; *Stewart v. Booker T. Washington Ins. Co.*, 232 F.3d 844, 848 (11th Cir. 2000); *Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999). "Even if a district court 'believes that the evidence presented by one side is of doubtful veracity, it is not proper to grant summary judgment on the basis of credibility choices.'"*Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1252 (11th Cir. 2013)  (citing *Miller v. Harget*, 458 F.3d 1251, 1256 (11th Cir. 2006)). The court should not disregard self-serving statements made in sworn testimony simply because they are self-serving at the summary judgment stage, and if the self-serving statements create a genuine issue of material fact, the court should deny summary judgment on that basis. *Id.* at 1253.

Furthermore, all evidence and inferences drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. *Graham*, 193 F.3d at 1282. The nonmoving party "need not be given the benefit of every inference but only of every reasonable inference." *Id.* The evidence of the non-moving party "is to be believed and all justifiable inferences are to be drawn in [its] favor." *Anderson*, 477 U.S. at 255. After both parties have addressed the motion for summary judgment, the court must grant the motion *if* no genuine issues of material fact exist *and if* the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56.

IV.     LEGAL DISCUSSION

        The court notes that T-Mobile argues that it is entitled to summary judgment on

Stockdale's allegation of a failure to accommodate his church services and a reduction in hours

claim. T-Mobile finds a potential basis for this claim in the "Factual Background" section of

Stockdale's Complaint. The court, however, is not so generous and refuses to infer a failure to

accommodate claim when Stockdale has not specifically pled one. The court also finds no

support for these claims, even if they were at issue, in Stockdale's response and will not address

them here.

        A.     Race Discrimination Claims

        T-Mobile asserts in its brief that Stockdale has abandoned any claims he made in his

Complaint for race discrimination. Stockdale testified in his deposition as follows:

| | |
|---|---|
| Q: | –do you feel you have been racially discriminated against in any way? |
| Stockdale: | It was more retaliation. |
| Q: | Okay. So your current lawsuit is not based on racial discrimination; it is based on retaliation? |
| Stockdale: | Yes Ma'am. |
| Q: | Okay. So you're not making any claim currently about racial discrimination? |
| Stockdale: | No ma'am. |
| Q: | Okay. Well, then. Let's skip to that. Let me ask you this: Who has retaliated against you? |
| Stockdale: | Ryan Wilson, Richard Sweatt. . . . . |
| Q: | What is it that you are claiming in this lawsuit that you did that made T-Mobile mad or made somebody at T-Mobile mad that they would – I guess for lack of a better word– take it out on you, retaliate against you? |
| Stockdale: | I guess my previous lawsuit. |

 (Doc. 30-1, at 34-36).

12

This unambiguous testimony combined with the lack of any argument or facts supporting a claim of race discrimination in the portions of Stockdale's response/ affidavit that have not been struck constitute abandonment of Counts I and II of Stockdale's Complaint. The failure of a party to respond to or oppose a pending motion may constitute an abandonment of the claims at issue in that motion. *See Coal. for the Abolition of Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1326 (11th Cir. 2000) (finding that a party's failure to brief and argue an issue before the district court is grounds for declaring it abandoned). The court will GRANT summary judgment for T-Mobile on Counts I and II and DISMISS WITH PREJUDICE Counts I and II of Stockdale's Complaint.

B.    Retaliation Claim

Stockdale charges T-Mobile with retaliation under Title VII and 42 U.S.C. § 1981 in Count III of his Complaint. "[Retaliation] claims . . . brought under the Equal Protection Clause, 42 U.S.C. § 1981, or Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3, are subject to the same standards of proof and employ the same analytical framework." *Bryant v. Jones,* 575 F.3d 1281, 1286 n. 20 (11th Cir. 2009). Under Title VII, it is "an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a) (1982).  If  the plaintiff cannot prove retaliation by direct evidence, as in this case, the plaintiff must establish his prima facie case through the burden-shifting

13

analysis articulated by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

Under the *McDonnell Douglas* framework, the plaintiff "must carry the initial burden under the statute of establishing a prima facie case" of retaliation. *McDonnell Douglas*, 411 U.S. at 802. To establish a prima face case of retaliation under Title VII, "a plaintiff must show that (1) he engaged in statutorily protected expression; (2) he suffered an adverse employment action; and (3) there is a causal connection between the two events." *Johnson v. Booker T. Washington Broad. Serv., Inc.*, 234 F.3d 501, 507 (11th Cir. 2000) (internal quotation marks omitted).

To constitute "statutorily protected expression," a plaintiff must show he either opposed unlawful practices or he participated in a Title VII proceeding. 42 U.S.C. § 2000e-3(a) (1982). Here, the parties do not dispute that Stockdale filed four EEOC charges and one lawsuit in federal court before his termination and also do not dispute that Stockdale's termination qualifies as an adverse employment action. T-Mobile argues that Stockdale cannot make a prima facie showing of causation because the supervisors who decided to terminate Stockdale did not know about his protected activity and because a substantial delay exists between the protected activity and Stockdale's termination.

To satisfy the third element of a retaliation claim, as plaintiff must demonstrate that "the decision-maker[s] [were] aware of the protected conduct, and that the protected activity and the adverse action were not wholly unrelated." *Gupta v. Fla. Bd. of Regents*, 212 F.3d 571, 590 (11th Cir. 2000) (alterations in original) (quotations omitted). "Since corporate defendants act only through authorized agents, in a case involving a corporate defendant the plaintiff must

14

show that the corporate agent who took the adverse action was aware of the plaintiff's protected

expression and acted within the scope of his or her agency when taking the action." *Raney v.*

*Vinson Guard Service, Inc.,* 120 F.3d 1192, 1197 (11th Cir. 1997) (citing *Goldsmith v. City of*

*Atmore*, 996 F.2d 1155, 1163 (11th Cir. 1993)). Mr. Stockdale has not produced any evidence

that either Ryan Wilson, Richard Sweatt, or Clarice Colon, the T-Mobile employees involved

in the decision to terminate him, had knowledge of his protected conduct, and thus, he has not

shown causation.

Mr. Stockdale also has not presented any evidence of a temporal proximity that would

be sufficient to infer causation. To establish an inference of retaliation, "the temporal

relationship between the protected activity and the adverse employment action must be 'very

close.'" *Brown v. Ala. Dept. Of Transp.*, 597 F.3d 1160, 1182 (11th Cir. 2010) (quoting

*Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2008)). "Even a three-month

interval between the protected expression and the employment action . . . is too long." *Brown*,

597 F.3d at 1182. "'Thus, in the absence of other evidence tending to show causation, if there

is a substantial delay between the protected expression and the adverse action, the complaint of

retaliation fails as a matter of law.'" *Id.* (quoting *Thomas*, 506 F.3d at 1364).

T-Mobile terminated Stockdale on January 3, 2011. The last protected activity

Stockdale engaged in before he was terminated was on October 6, 2010 when he filed his

fourth EEOC charge. In the absence of any other evidence of causation, the court will follow

Eleventh Circuit precedent indicating that three months between the protected activity and

adverse employment action is too long to infer retaliatory animus when the plaintiff has

produced no other evidence of causation. *See Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361,

1364 (11th Cir. 2007) (*citing Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001))

("A three to four month disparity between the statutorily protected expression and the adverse

employment action is not enough."). Thus, Mr. Stockdale cannot prove causation and has not

produced sufficient evidence to show a prima facie case of retaliation.

 Even if Mr. Stockdale were able to make a prima facie showing of retaliation, he cannot

rebut T-Mobile's legitimate reason for his termination. Once the plaintiff establishes his prima

facie case of retaliation, "[t]he burden then must shift to the employer to articulate some

legitimate, nondiscriminatory reason for the employee's rejection."  *McDonnell Douglas*, 411

U.S. at 802.  Once the employer shows a legitimate, nondiscriminatory reason for its decision,

the employee must "be afforded a fair opportunity to show that [the employer's] stated reason .

. . was in fact pretext." *McDonnell Douglas*, 411 U.S. at 804.  To survive summary judgment,

the employee must show "such weaknesses, implausibilities, inconsistencies, incoherencies or

contradictions in the employer's proffered legitimate reasons for its actions that a reasonable

factfinder could find them unworthy of credence." *Cooper*, 390 F.3d at 725.

 "[A] reason cannot ... be a 'pretext for discrimination' unless it is shown both that the

reason was false, *and that discrimination was the real reason.*" *St. Mary's Honor Ctr. v. Hicks*,

509 U.S. 502, 515 (1993)(emphasis added).  "Because the plaintiff bears the burden of

establishing pretext for discrimination, he must present significant probative evidence on the

issue to avoid summary judgment." *Mayfield v. Patterson Pump Co.*, 101 F.3d 1371, 1376

(11th Cir.1996) (citation omitted). "Conclusory allegations or unsupported assertions of

discrimination, without more, 'are not sufficient to raise an inference of pretext.'" *Tiggs-

Vaughn v. Tuscaloosa Housing Auth.*, 385 F. App'x 919, 923 (11th Cir. 2010) (citing *Mayfield*,

101 F.3d at 1376)). "Rather, the plaintiff must meet the proffered reason 'head on and rebut it.'" *Id.* (quoting *Chapman v. AI Transp.*, 229 F.3d 1012, 1030 (11th Cir.2000) (en banc )).

Even if Stockdale did produce enough evidence to show a prima facie case of discrimination, he cannot rebut T-Mobile's proffered legitimate reason for his termination. T-Mobile claims that it terminated Stockdale "[b]ased on his cumulative and repetitive tardiness history," and T-Mobile's discipline records of Stockdale supports this claim. (Doc. 29, at 21). Stockdale has not produced *any* evidence at all that T-Mobile's reason is pretext for retaliation or that retaliation was the actual motivation for his termination. Thus, the court will GRANT summary judgment for T-Mobile on Count III and DISMISS WITH PREJUDICE Count III of Stockdale's Complaint.

V.    CONCLUSION

For the reasons discussed above, the court will DENY T-Mobile's motion to strike; GRANT T-Mobile's motion for summary judgment in its entirety; and DISMISS WITH PREJUDICE all of Stockdale's claims against T-Mobile. Additionally, because no issues remain for the court to resolve, the court will ENTER JUDGMENT in favor of T-Mobile. The court will simultaneously enter an order to that effect.

DONE and ORDERED this 29th day of May, 2013.

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE